DECISION
Plaintiffs appeal concerns interest charges imposed for the late payment of real property taxes. The property involved is identified as Account R339809. Plaintiff seeks cancellation of approximately $1,100 in interest charges for the tax years 2007-08, 2008-09, and 2009-10.
A case management conference was held on October 20, 2010. Larry Wright, Real Estate Broker, represented Plaintiff. Rex Weisner, County Appraiser, appeared for Defendant. The record was left open for optional written submissions; Plaintiffs was filed on November 24, 2010.
 I. STATEMENT OF FACTS
The subject property was acquired by Plaintiff in 2006. The statutory warranty deed was recorded on October 4, 2006. No specific mailing address was listed on the document for the mailing of tax statements and related documents.
For the three tax years beginning with 2007-08, Defendant mailed the annual tax statements to Asset Builders Construction at 1185 Garnet Street NE in Salem, Oregon. That was the best known address appearing in Defendant's records. None of the tax statements were returned as undeliverable. Plaintiff did not update its records with Defendant. The taxes were not timely paid; statutory interest charges began to accrue. *Page 2 
In 2010 a delinquent notice was returned and Defendant then researched state business records. A different address was discovered and delivery was successful.
Plaintiff's representative states they first became aware of the overdue taxes in 2010. He stated he did not know why earlier inquiries were not made by Plaintiff when the annual tax billings were not received.
 II. ANALYSIS
ORS 311.505(1)[1] provides that the first one-third of all property taxes due from a taxpayer "shall be paid on or before November 15[.]" ORS 311.505(2) provides that "[i]nterest shall be charged and collected on any taxes on property * * * not paid when due[.]"
ORS 311.250(2) states "[t]he failure of a taxpayer to receive the statement * * * shall not invalidate any assessment, levy, tax, or proceeding to collect tax." Plaintiff's oversight as to that obligation cannot serve to cancel the additional charges.
The Oregon Supreme Court has for a long time been of the opinion that "`every citizen is presumed to have known that his land was taxable, that in due course it would be assessed, a tax levy extended against it, and * * * that it was his duty to timely pay his taxes.'" Hood River County v. Dabney,246 Or 14, 28, 423 P2d 954 (1967) (citation omitted).
 III. CONCLUSION
Defendant's imposition of interest for tax years 2007-08, 2008-09, and 2009-10 was mandated by Oregon statutes and was computed properly. Now, therefore; *Page 3 
IT IS THE DECISION OF THE COURT that the appeal is denied.
Dated this ___ day of December 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
 *Page 1